UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIZELL EUGENE MALTBIA,

        Petitioner,

                                        Case No. 11-13099
v.                                    Honorable Patrick J. Duggan

LINDA TRIBLEY,

        Respondent.

_____/

**OPINION AND ORDER (1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Michigan prisoner Rizell Eugene Maltbia ("Petitioner"), currently confined at the Ojibway Correctional Facility in Marenisco, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, Petitioner appears to challenge his state criminal convictions and his parole revocation. Petitioner claims that the prosecutor failed to establish by a preponderance of the evidence that he violated his probation, that the probation officer gave perjured testimony, that an informant's identity was not disclosed, that the police lacked valid search warrants and probable cause, and that defense counsel was ineffective for failing to seek the suppression of evidence. Petitioner also has filed motions for appointment of counsel, for oral argument, and to show cause.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies, dismisses without prejudice the habeas petition, and denies without prejudice Petitioner's pending motions. The Court also denies Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.   Facts

In his petition, Petitioner states that he pleaded guilty to possession with intent to deliver less than 50 grams of cocaine in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv), and possession with intent to deliver marijuana in violation of Michigan Compiled Laws § 333.7401(2)(d)(iii), in the Genesee County Circuit Court on October 22, 2007. On November 19, 2007, the trial court sentenced him as a second habitual offender pursuant to Michigan Compiled Laws § 769.10 to 36 months probation and a drug program.

On March 2, 2010, Petitioner was charged with violating his probation by possessing less than 25 grams of cocaine, an offense to which he pleaded guilty in February 2010. On March 8, 2010, the trial court conducted a probation revocation hearing. On April 4, 2010, the trial court revoked Petitioner's probation and re-sentenced him to two years four months to 30 years imprisonment on the cocaine conviction and one year four months to six years imprisonment on the marijuana conviction.

Petitioner, through counsel, filed an application for leave to appeal the 2010 conviction for possession of less than 25 grams of cocaine conviction, which the Michigan Court of Appeals denied for lack of merit in the grounds presented. *People v.*

*Maltbia*, No. 301041 (Mich. Ct. App. Dec. 20, 2010).  Petitioner sought leave to appeal

with the Michigan Supreme Court, but his application was rejected as untimely.

Petitioner, through counsel, also filed an application for leave to appeal the parole

revocation and his re-sentencing for the 2007 convictions, which the Michigan Court of

Appeals denied for lack of merit in the grounds presented.  *People v. Maltbia*, No.

300184 (Mich. Ct. App. Oct. 26, 2010).  Petitioner then filed an application for leave to

appeal with the Michigan Supreme Court, which was denied in a standard order.  *People*

*v. Maltbia*, 489 Mich. 898, 796 N.W.2d 81 (2011).

Petitioner dated his federal habeas petition on July 12, 2011, and his pleadings

were filed by the Court on July 18, 2011.

## III.    Analysis

A state prisoner filing a habeas petition under 28 U.S.C. § 2254 must first exhaust

all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731

(1999) ("state prisoners must give the state courts one full fair opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate

review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this

requirement, a prisoner must show that he "fairly presented" his claims to the state courts,

meaning that he must have asserted both the factual and legal bases for his claims in the

state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also*

*Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  A prisoner

must present the claims to the state courts as federal constitutional issues.  *See Koontz v.*

*Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must present each issue he raises in a federal habeas petition to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the prisoner to prove exhaustion.  *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted all of his issues in the state courts.  Specifically, he indicates that defense counsel raised the following claim on direct appeal:  "Where the prosecutor failed to establish by a preponderance of the evidence that [Petitioner] violated his probation, his conviction violates his state and federal constitutional due process rights and must be vacated."  (Doc. 1 at 9 (capitalization removed).)  Petitioner also states that his "sole argument on direct appeal was a violation of his Due Process Right's [sic] against warrantless [s]earches and [s]eizures, which now, for all [i]ntents and [p]urposes [he] would like to argue and raise the fact that both of the Court-Appointed [attorneys] were in fact ineffective . . . where they both failed to make and submit a motion to [s]uppress."  (*Id*. at 16.)  It is unclear whether Petitioner raised his perjured testimony and informant identity claims in the state courts.  He clearly has not exhausted his state court remedies with respect to any challenges to his conviction in 2010 for possessing less than 25 grams of cocaine, as he failed to timely seek leave to appeal with the Michigan Supreme Court.

A federal district court generally should dismiss a "mixed" habeas petition, that is one containing both exhausted and unexhausted claims, "leaving the prisoner with the

choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522, 102 S. Ct. 1198, 1199 (1982); *see also Rust*, 17 F.3d at 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1673-75 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534-35 (2005).  However, this stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court.  *Id*. at 277, 125 S. Ct. at 1525.

In this case, Petitioner has available avenues for relief in the state court system. For example, he may file a motion for relief from judgment with the trial court under

Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those

claims in the state appellate courts.  The one-year statute of limitations, *see* 28 U.S.C.

§ 2244(d), does not pose a problem for Petitioner as long as he pursues his state court

remedies in a prompt fashion.  The one-year period does not begin to run until 90 days

after the conclusion of direct appeal.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119, 129

S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a

certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 332-33, 127 S. Ct. 1079,

1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).  The Michigan

Supreme Court denied Petitioner leave to appeal as to his probation revocation and re-

sentencing on April 25, 2011, and the time for seeking a writ of certiorari with the United

States Supreme Court expired 90 days later– on or about July 24, 2011.  Petitioner dated

his federal habeas petition on July 12, 2011.  Thus, the one-year period had not yet begun

to run when Petitioner instituted this action.

The time in which this case has been pending in federal court is not statutorily

tolled.  *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001) (a

federal habeas petition is not an "application for State post-conviction or other collateral

review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the

limitations period).  Nevertheless, such time is equitably tolled.  *See, e.g., Johnson v.

Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period also

will be tolled during the time in which any properly filed post-conviction or collateral

actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536

U.S. 214, 219-221, 122 S. Ct. 2134, 2137-38 (2002).  Given that the full one-year period

remains, Petitioner has ample time to fully exhaust his state court remedies.[1]

Although there is no evidence of intentional delay, Petitioner has not shown good

cause for failing to fully exhaust his issues in the state courts before seeking federal

habeas relief.  Lastly, while some of Petitioner's claims may lack merit, they do not all

appear to be plainly meritless.  Given such circumstances, a stay is unwarranted.  Because

Petitioner has failed to demonstrate that he has fully exhausted all of his claims in the

state courts prior to filing his federal habeas petition, his petition is premature and must

be dismissed.

## IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner has failed to establish

that he has fully exhausted state court remedies with respect to the grounds presented in

support of his request for habeas relief.  Under the circumstances presented, his habeas

petition must be dismissed without prejudice.  Given this ruling, the Court is denying

without prejudice his motions for appointment of counsel, for oral argument, and to show

cause.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability

must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

---

[1]Petitioner also has several months of the one-year period remaining as to any claims
challenging his conviction for possessing less than 25 grams of cocaine given that the Michigan
Court of Appeals denied leave to appeal on December 20, 2010.

appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a

habeas claim on procedural grounds without addressing the claim's merits, a certificate of

appealability should issue only if it is shown that jurists of reason would find it debatable

whether (1) the petitioner states a valid claim of the denial of a constitutional right, and

(2) the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S.

473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not

debate the correctness of the Court's procedural ruling.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE;**

**IT IS FURTHER ORDERED**, that Petitioner's motions for appointment of

counsel, oral argument, and to show cause are **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and leave to

proceed *in forma pauperis* on appeal is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2011
Copy to:
Rizell Eugene Maltbia
#245366
Ojibway Correctional Facility
N. 5705 Ojibway Road
Marenisco, MI 49947