UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIZELL EUGENE MALTBIA, #245366,

        Petitioner,

                                              CASE NO. 2:11-CV-13099
v.                                          HONORABLE PATRICK J. DUGGAN

LINDA TRIBLEY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

        This matter is before the Court on Petitioner's pleading entitled "Remedial Filing and Reconsideration for Writ of Habeas Corpus" concerning the Court's non-prejudicial dismissal of his habeas petition for failure to fully exhaust his state court remedies as to all of the grounds asserted in support of his request for habeas relief. Petitioner contends that the Court erred in summarily dismissing his petition.

        Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. For the reasons that follow, Petitioner fails to demonstrate that the Court committed a palpable defect, the correction of which would result in a different disposition of his

petition.

A federal district court has the authority to summarily dismiss a habeas petition for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982) (stating total exhaustion rule). Petitioner fails to demonstrate in his pending motion that he exhausted his state court remedies prior to filing his petition for a writ of habeas corpus. Thus the dismissal of his petition *without prejudice* was proper.

Accordingly,

**IT IS ORDERED**, that Petitioner's Remedial Filing and Reconsideration for Writ of Habeas Corpus is **DENIED**.

Dated: October 4, 2011                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Rizell Eugene Maltbia, #245366
Ojibway Correctional Facility
N. 5705 Ojibway Road
Marenisco, MI 49947